JACOB BLUM, RESPONDENT, v. PARSONS MANUFACTUR-
ING COMPANY, APPELLANT.

Argued November 22, 1920—Decided February 28, 1921.

1. The refusal of a trial court to grant a new trial upon the ground
   that the damages are excessive is not reviewable on error, and
   it is not made so because the refusal is subject to the require-
   ment that the party in whose favor the verdict was rendered ac-
   cept a reduced verdict which was agreed to.

2. In ascertaining the damage which plaintiff suffers by deprivation
   of the full use of his property, through the unlawful acts of de-
   fendant, it was within the discretion of the trial judge to permit
   a witness to testify to the annual rent he paid for the use of
   property similarly situated, its size and use, the same qualifica-
   tions regarding plaintiff's property being shown.

3. Where evidence bearing on the question of punitive damage is
   admitted while that question remains in the case, its admission
   is not error because such claim is subsequently abandoned.  If
   the opposing party wishes to remove it from the case he should
   move to strike it out, or request the court to charge the jury to
   disregard it.

4. It is not an abuse of discretion for a trial judge to refuse to re-
   open a case after it is partly argued before the jury for the pur-
   pose of admitting testimony which was within the knowledge of
   the moving party when the case was closed.

On appeal from the Union County Circuit Court.

For the appellant, *Sidney W. Eldridge.*

For the respondent, *Chauncey G. Parker.*

The opinion of the court was delivered by

BERGEN, J.  The plaintiff has an easement to use a trestle
over defendant's land for the transportation of cars to and
from the land of plaintiff which he used as a coal yard.
Plaintiff's right to the easement was affirmed by this court in
a suit between the same parties (80 *N. J. L.* 390), and the
right thus established is not disputed in the case now under
review.  The defendant obstructing plaintiff's use of the ease-

ment, the latter brought suits at different times to recover damages for the continuance of the obstruction during divers periods, the last, preceding the instant suit, was brought in a District Court covering a period extending from March 1st, 1911, to November 2d, 1911, in which plaintiff recovered nominal damages. The obstruction not being abated plaintiff brought this action to recover damages sustained by the continuance of the nuisance, during a period subsequent to the District Court judgment. The easement rights of plaintiff having been settled by this court in the case above cited, the only question left to the jury was the amount of damage which plaintiff was entitled to have awarded. The jury rendered a verdict of $5,000 for plaintiff, which was reduced, on a rule to show cause allowed defendant, to $3,500 which plaintiff accepted and entered judgment for that amount from which defendant appeals.

The first point urged by appellant is, that it was error to reduce the amount of damages, and that such action was an abuse of discretion in not making the rule absolute. The refusal to make such a rule absolute is not reviewable on error, and it is not made so because such refusal is made subject to terms. *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490, 492. Nor can it be said that it would have been an abuse of discretion if the rule had been discharged without terms. If, as defendant urges, there was no evidence to support a verdict that question should have been raised by motion to nonsuit or a direction for defendant. To adopt the theory of defendant would require this court to consider the preponderance of evidence and thus make all rules to show cause, upon the ground of abuse of discretion, reviewable on error.

The next point is, that the court abused its discretion in refusing to open the case and allow the defendant to introduce the record of the District Court judgment, after the counsel for defendant had partly summed up the case to the jury. That record has been printed in the case from which it appears that the complaint avers that the plaintiff was entitled to use the easement for unloading coal, and that the defendant had deprived him of that use from March 1st, 1911, to

November 2d following, and that the damages had been assessed at six cents. The nuisance created by the defendant was a continuing one (*Brewster* v. *Sussex Railroad Co.*. 40 *N. J. L.* 57), which he might abate at any time, therefore the District Court judgment only affected the periods set forth in the complaint in that court, and, as it had no application to the present controversy, it was not error to refuse to open the case after it was partly argued, but if it was material it was not an abuse of discretion to refuse to open the case and admit evidence omitted which was within the knowledge of the party before the close of the case.

The next point urged by the appellant is, that the court admitted illegal testimony relating to the proof of the plaintiff's damage resulting from the deprivation of his use of the easement, and the consequent interference with the full use of his coal yard. One of the witnesses on this subject was a retail coal dealer in the same city who had a switch connecting a railroad with his land. He was a tenant and was allowed to testify as to the rental value of his property, which was about a mile distant from that of the plaintiff, the conditions appertaining to his property being not unlike those applying to the plaintiff's property. We think that this evidence was competent in ascertaining the rental value of plaintiff's property, for what others pay as rent for similar property in practically the same neighborhood is some evidence of rental value. It is, of course, not conclusive, but its admission was within the discretion of the court, based as it was on the similarity of the two properties, the character of the business carried on in the two locations, to which a railroad connection by a switch was a potent element in estimating rental value. It was not so much expert evidence as proof of facts from which a jury might draw inferences. The other witness was the son of the defendant, who was a real estate dealer, buying, selling and renting property in the same locality, who was very familiar with the property in question, and he testified that in his opinion the rental value of the plaintiff's property was $1,000 a year. The evidence of his expert qualifications

were, we think, sufficient to sustain the ruling of the court in allowing the testimony.

The last point is, that the trial court admitted in evidence a letter from the defendant to the plaintiff in 1906, long before the cause of action sued on arose. This was received by the court upon the theory that it had some tendency to show the bad faith of the defendant, which can only be proper on the question of punitive damages. At the time the letter was introduced the question of punitive damages was one of the issues on trial. That such ground was later withdrawn did not make the letter incompetent when admitted; and if the claim for punitive damages was abandoned, it was the right of defendant to request the court to charge that all such evidence be disregarded, or to move to strike it out, but no such action was taken by defendant.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.